IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYNTHIA GARCIA, | § | CASE NO. 13-30898-HCM-13 |
| DEBTOR(S) | § | |
| | § | Confirmation set: |
| | § | **August 15, 2013** |

## OBJECTION TO CONFIRMATION

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

COMES NOW Credit Acceptance Corporation ("Creditor"), objecting to the confirmation of the Chapter 13 Plan proposed by Cynthia Garcia ("Debtor(s)"), and for cause of action would respectfully show the Court as follows:

1. Creditor has a perfected purchase money security interest in a 2005 Dodge Neon, vehicle identification number 1B3ES56C75D205010. As of the date of filing, Creditor was owed $11,644.86.

2. The contract between Creditor and the Debtor(s) was signed on March 10, 2012. Creditor has a purchase money security interest in the vehicle described herein which secures its claim. The debt was incurred within 910 days preceding the filing of the bankruptcy petition and the collateral for the debt is a motor vehicle acquired for the personal use of the Debtor(s). Therefore, pursuant to the provisions of the Hanging Paragraph following 11 U.S.C. section 1325(a)(9), the claim owed to Creditor is not subject to cram-down pursuant to 11 U.S.C. section §506. Creditor's claim at the time of filing must be paid in full.

3. The Chapter 13 Plan lists a value for the collateral described herein. Because this claim is not subject to the cram down provisions of 11 U.S.C. §506, any value set forth in the Chapter 13 Plan is irrelevant and should not be binding on the Creditor for any purpose.

4. Creditor is entitled to set and equal monthly payments pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(I), beginning as of the effective date of the Plan. Plans that provide for "average" payments, "pro-rata" payments, variable payments by the Debtor(s), step payments by the Debtor(s) or payments that begin in any month other than month one are not in compliance with the provisions of 11 U. S. C. §1325(a)(5)(B)(iii)(I) which requires equal and set monthly payments to Creditor beginning in month one of the Chapter 13 Plan. Month one of the Chapter 13 Plan is defined as the first month that a payment is due to the Chapter 13 Trustee pursuant to 11 U.S.C. §1326 (a)(1).

     5.    Creditor objects to the attorney for the Debtor(s) being paid from first available funds or in any other way that precludes Creditor from receiving the full amount of its monthly payment due post-confirmation as this does not comply with 11 U.S.C. §1325(a)(5)(B)(iii)(I) and, further, may not adequately protect Creditor during the time period when funds are being paid to the attorney for the Debtor(s). The attorney for the Debtor(s) should be paid along with the Creditor and no claim should be given payment priority over the Creditor's claim save and except payment of the Chapter 13 Trustee's commission on a monthly basis.

     6.    The Plan proposes Creditor in a term that is too long given the age of the vehicle. The term should not exceed forty-eight (48) months.

     7    Creditor objects to confirmation of the Chapter 13 Plan to the extent that it does not meet the requirements of 11 U.S.C. §1325(a) in any way not specifically set out herein.

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance Corporation prays for an Order of this Court:

     1.    Denying confirmation of Debtor(s) Chapter 13 Plan as proposed; and

     2.    For such other and further relief, both general and specific, to which Creditor may show itself justly entitled.

Respectfully submitted,
    /s/    Stephen G. Wilcox
Stephen G. Wilcox
State Bar No. 21454300
BASSEL & WILCOX, P.L.L.C.
P.O. Box 11509
Fort Worth, Texas 76110-0509
(817) 870-1234 Telephone
(817) 870-1181 Facsimile
swilcox@basselwilcox.com

ATTORNEYS FOR CREDIT
ACCEPTANCE CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Objection to Confirmation was served by FIRST CLASS MAIL, POSTAGE PRE-PAID on:

Cynthia Garcia
14299 Desert Point Drive
El Paso, TX 79928

**OBJECTION TO CONFIRMATION** - Page 2

and ELECTRONICALLY FILED on:

Eric Martinez
4530 Montana
El Paso, TX 79903

Stuart Cox
760 N. Lee Trevino Drive
El Paso, TX 79936

Dated on June 20, 2013.

                                               /s/     Stephen G. Wilcox
8117-00427-351117                                             Stephen G. Wilcox

**OBJECTION TO CONFIRMATION - Page 3**